# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL T. DEMISSE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 18-2223 (ABJ) |
| MEDSTAR WASHINGTON HOSPITAL CENTER, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has sued Medstar Washington Hospital Center ("Medstar") in the District of Columbia for discrimination and negligence. Plaintiff complains about the treatment he received when he visited defendant's emergency room. Defendant has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Dkt. # 9]. The Court, satisfied of its jurisdiction, finds that plaintiff has stated no viable claim. So it will grant defendant's Rule 12(b)(6) motion for the reasons explained more fully below.

## BACKGROUND

### A. Factual Allegations

At approximately 10 a.m. on September 25, 2018, plaintiff arrived at Medstar because he was in pain, felt dizzy, had a rapid heartbeat, and was breathing rapidly. Compl. at 2. After checking in, plaintiff "waited for some minutes" before a nurse called his name and took his temperature and blood pressure. *Id*. Plaintiff then discussed via video his "pains" with a doctor, who told plaintiff that "another doctor will visit" him "and will order some medications[.]" *Id*.

1

Plaintiff had certain tests done, including an electrocardiogram ("EKG), and he spoke with a physician's assistant. After about 30 minutes, plaintiff was offered two tablets of Tylenol "and other medicine," which he "refused" because he was "waiting for a doctor." Compl. at 3. Finally, plaintiff alleges, "after a long wait a doctor came and asked [him] question and suggestion about [his] insurance without understanding [his] pain." Id. The doctor told plaintiff that he was sending him home and left the room. After about 30 more minutes, "a 5th and different nurse came with a discharge paper" and informed plaintiff about accessing his medical records online. Id. When plaintiff "denied that," the nurse threatened to call security." Id. Plaintiff conveyed his dissatisfaction with his "treatment in the emergency room and generally in the hospital." Id. Plaintiff "also refused to sign the discharge paper," and he "left the hospital without examination and enough treatment for [his] pains," although admittedly he was prescribed ibuprofen. Id.

Plaintiff alleges that during the visit, he saw seven medical professionals:

> 1. A nurse who took his blood pressure and body temperature without any explanation.
>
> 2. A doctor on the computer screen who asked him questions and told me another doctor will see me without any treatment and suggestion.
>
> 3. A nurse who took an EKG "picture of his heart" without explanation and without informing him of the result printed on the paper
>
> 4. A nurse who took him to another room and told him to sit in a room where he waited for more than 1 hour.
>
> 5. A nurse who brought Tylenol and other medication and a cup with her hand.
>
> 6. A PA-C, who brought a piece of paper and asked him different questions but did not offer treatment of the pains that brought him to the emergency room.

> 7. A doctor who told him "in a toned voice" that he was going to send him home without any treatment or diagnosis.

Compl. at 5.[1]

### B. Claims

In the section of the complaint captioned "Statement of Claims, Negligence, Discrimination (civil right violation)," plaintiff states: "I have been treated in this hospital unfairly, discriminated by changing medical professionals, and make me wait for a very long period of time in the emergency room, denied me the right medical treatment." Compl. at 6. In addition, plaintiff claims that he was discharged "before [he was] ready." *Id*. As a result, plaintiff claims he has suffered "anxiety, stress, depression, psychological and emotional distress[.]" *Id*. He seeks compensatory damages of $1,000,000 as well as punitive damages. *Id*.

## LEGAL STANDARD

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678, citing *Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*., quoting *Twombly*, 550

---

[1] Plaintiff recounts a similar visit to Medstar's emergency room on August 9, 2018, for similar symptoms, where he was given "different medications such as a dose of glucose" and then discharged. Compl. at 3-4. The alleged circumstances are not materially different from the emergency room visit at issue.

U.S. at 556. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed liberally in the plaintiff's favor, and the Court should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Where the action is brought by a *pro se* plaintiff, a district court has an obligation to consider "all of [his] filings together" before dismissing the complaint, *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See Kowal*, 16 F.3d at 1276; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997).

## ANALYSIS

### A. Discrimination

Plaintiff alleges that Medstar discriminated against him based on his race "by changed nurses, doctors and medical professionals." Compl. at 5. He also implies that his national origin and age may have been contributing factors; he states that he is from Ethiopia, and that "senior patients" received preferential treatment. *Id*. Plaintiff refers to "federal laws" prohibiting "discrimination based on national origin, race, color, religion, disability, sex, and familial status," but he has not invoked any particular law. *Id*.

The problem is that plaintiff has alleged no facts tying the challenged behavior to his race or national origin that would "nudge" his claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. And "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. Therefore, the discrimination claim will be dismissed.

### B. Negligence

Defendant posits that the dismissal of plaintiff's federal claim deprives this Court of jurisdiction over the negligence claim. Mem. of P. & A. at 5. But since the discrimination claim conferred original jurisdiction, the Court may exercise pendant or supplemental jurisdiction "over all other [related State and common law] claims," or it may decline to do so.[2] 28 U.S.C. § 1367. Whether to retain jurisdiction "is a matter left to the sound discretion of the district court," *Ali Shafi v. Palestinian Auth.*, 642 F.3d 1088, 1097 (D.C. Cir. 2011) (quotations and citations omitted), and in exercising that discretion, the Court applies a two-part test crafted by the Supreme Court.

---

[2] The term "State" includes the District of Columbia. 28 U.S.C. § 1367(e).

The Court must first "determine whether the state and the federal claims 'derive from a common nucleus of operative fact'; if they do, the court has the power, under Article III of the Constitution, to hear the state claim." *Women Prisoners of D.C. Dep't of Corr. v. D.C.*, 93 F.3d 910, 920 (D.C. Cir. 1996), quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). The Court "must then decide whether to exercise its discretion to assert jurisdiction over the state issue," considering such factors as "judicial economy, convenience and fairness to litigants." *Id.*, quoting *United Mine Works*, 383 U.S. at 726. Plaintiff's negligence claim intertwines with the federal claim, and it is equally insubstantial. So, it is appropriate to retain jurisdiction and dismiss that claim as well.

"In the District of Columbia, as elsewhere, '[t]o establish negligence a plaintiff must prove a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach.'" *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 907 (D.C. Cir. 2006), quoting *District of Columbia v. Beretta, U.S.A., Corp.*, 847 A.2d 1127, 1134 n.2 (D.C. 2004). This requires a showing that defendant's actions deviated from a national standard of care, focusing for example on "the course of action . . . a reasonably prudent doctor with the defendant's specialty would have taken under the same or similar circumstances." *Hawes v. Chua*, 769 A.2d 797, 806 (D.C. 2001) (internal quotation marks and citation omitted).

Plaintiff alleges that when he arrived at defendant's emergency room, he "waited for some minutes" for his name to be called. Compl. at 2. A nurse then checked his blood pressure and temperature. The complaint reveals that (1) the hospital administered certain tests, including an EKG; (2) plaintiff was offered Tylenol, but he refused it because he was waiting to

see a doctor; (3) plaintiff discussed his symptoms with several doctors; and (4) he received a prescription for ibuprofen before he was discharged. Plaintiff takes issue primarily with the amount of time he had to wait and the number of medical professionals he saw, but he has not alleged that these frustrating circumstances deviated from the ordinary hospital emergency room visit.[3]

Furthermore, plaintiff has not alleged that he suffered a physical injury or an exacerbation of his symptoms due to the hospital's alleged delay and/or inattention. Given the absence of any allegation that would give rise to an inference that a duty was breached or some harm came to the plaintiff as a result, the complaint does not set forth a plausible negligence claim. The mere fact that plaintiff suffered stress and anxiety in the bustle of a hospital emergency room "stops [well] short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Accordingly, plaintiff's negligence claim is dismissed without prejudice.[4] *See Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012), quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) ("This court has instructed that 'dismissal with prejudice is warranted only when a trial court determines that the

---

[3] In "[d]etermining whether a complaint states a plausible claim for relief," a court may "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

[4] In his opposition to the motion to dismiss, plaintiff recounts a hospital visit on October 16, 2018, in addition to his "previous complaints," and he mentions negligence and "medical neglect." Opp'n at 4-6 [Dkt. 14]. It is established in this circuit that a plaintiff cannot amend his complaint through an opposition. *See Furey v. Mnuchin*, 334 F. Supp. 3d 148, 164 (D.D.C. 2018) (citing cases). An amendment in this case would be futile in any event since the federal claim is dismissed and diversity jurisdiction is lacking. *See* Def.'s Mem. at 5-6. Plaintiff is free to pursue any common law claims and claims under D.C. law in the Superior Court of the District of Columbia.

allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'").

The Court does not mean to suggest that plaintiff does not have a legitimate gripe about his experience. But the fact that he -- like legions of emergency room patients of every race, religion, and national origin -- was frustrated by the wait does not state a million-dollar claim.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to dismiss. A separate Order accompanies this Memorandum Opinion.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: January 30, 2020